UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRY A. BOYD, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>DAVID L. WINN, Warden FMC- )<br>Devens, Correctional Officer )<br>POWERS, Correctional Officer )<br>LIASON and Correctional Officer )<br>MARTIN, )<br>)<br>      Defendants. )<br>) | CIVIL ACTION NO. 04-CV-40091-NG |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**[1]

**Introduction**

The Defendants, David Winn, Correctional Officer Powers, Correctional Officer Liason, and Correctional Officer Martin, (hereinafter "Winn," "Powers," "Liason," and "Martin" and collectively "Defendants"), submit this memorandum in support of their motion to dismiss.[2] The Defendants seek dismissal with prejudice on the grounds that the Plaintiff has failed to exhaust, and procedurally defaulted, the claims put forward in the instant complaint.

---

[1] The issue of exhaustion is properly decided as early in the litigation as possible. See Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 536 (7th Cir.1999)("When they assert their rights--as the defendants in this case did--then the judge must address the subject immediately. Otherwise the benefit is likely to be lost . . . . The statute [42 U.S.C. §1997e] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.")

[2] While the failure to exhaust has been characterized as an affirmative defense which must be proved by the defendant, see Casanova v. Dubois, 304 F.3d 75, 77 n. 3 (1st Cir. 2002), a failure to exhaust strips this Court of jurisdiction. See infra Section I. As such, the motion is appropriately captioned as a motion to dismiss for lack of subject matter jurisdiction.

**FACTS**

A.   <u>The Plaintiff's Allegations</u>

The Plaintiff, an individual with a disability, was transferred from the federal correctional facility in White Deer, Pennsylvania to the Federal Medical Center - Devens ("FMC-Devens") on July 30, 2003.  Complaint, p. 2.  The Plaintiff alleges that his cell at FMC-Devens did not meet the standards established by the Americans With Disabilities Act (ADA").  <u>Id</u>.  Similarly, the Plaintiff alleges he is required to "climb" a "fifty foot upgrade" which is difficult because of a 1/2 inch laceration on the Plaintiff's hand and "subjected to the bitter cold."  <u>Id</u>., p. 3.  The Plaintiff also alleges that his wheelchair has flat tires and that staff have informed him he will need to file a lawsuit to obtain new tires.  <u>Id</u>. p. 3.

The Plaintiff further alleges that in August of 2003, Powers and Liason, "took information out of the computer and showed it to other inmates . . . label[ing] the Plaintiff as a Child Molester" and that this "has [e]ndangered [sic] the Plaintiff's [sic] life"[3] and "caused the Plaintiff a lot of undue mental and physical anguish."  <u>Id.</u>, p. 2.

On November 10, 2003, Plaintiff was assaulted by another inmate and subsequently was placed into the Special Housing Unit "SHU" for over two months.  <u>Id.</u>  Plaintiff alleges that he was "tormented" during this time and denied access to this Court.  <u>Id.</u>  Specifically, he alleges he was called "humiliating names" by Martin.  <u>Id.</u>

In January 2004, Plaintiff was released form the SHU and alleges that he had difficulty taking care of himself in his cell.  As a result, he fell on several occasions trying to move to his bed or toilet, and was hospitalized twice.  <u>Id.</u> p. 3.

---

[3]Oddly, the Plaintiff next alleges "[t]he Plaintiff does not fear for his life."  <u>Id.</u>

B.   Administrative History

The Plaintiff filed two administrative complaints on December 23, 2003, related to the allegations of this complaint.  See Declaration of Patrick Ward, ¶6, Exhibits E and F ("Ward Declaration"), attached hereto as Exhibit 1.[4]  The Warden responded to these Complaints on January 21, 2004 and January 26, 2004, respectively, denying the Plaintiff's requests for relief.  Id.

The Plaintiff made no appeal of the denial of these requests to the regional counsel or general counsel of the Bureau of Prisons ("BOP").  Ward Declaration, ¶6.

## ARGUMENT

**I.   THE PLAINTIFF FAILED TO EXHAUST THE CLAIMS UNDERLYING THIS COMPLAINT, AND, AS A CONSEQUENCE, THIS COURT LACKS JURISDICTION**

   **A.   The Prison Litigation Reform Act Requires Exhaustion Of Administrative Remedies Prior To The Filing Of Any Suit.**

The Prison Litigation Reform Act provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The term "prison conditions" refers to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court held that Congress intended a prisoner to invoke "such administrative

---

[4] See Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002)("The attachment of exhibits to a Rule 12(b)(1) motion does not convert it to a Rule 56 motion").

remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before suit may be filed. Thus, "[f]or litigation within § 1997e(a)'s compass, Congress has replaced the 'general rule of non-exhaustion' with a general rule of exhaustion." Nussle, 534 U.S. at 525 n.4. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective' . . . . Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524.

It is thus beyond dispute that prisoners must exhaust all available administrative remedies prior to the filing of suit in this Court.

    **B.**    **The Department of Justice Has Adopted Formal Grievance Procedures Which Must Be Exhausted Prior To The Filing Of Suit**

Under the Bureau of Prisons Administrative Remedy Program, federal inmates "may seek formal review of an issue which relates to any aspect of their confinement. . . ." 28 C.F.R. § 542.10. This program, set out in 28 C.F.R. §§ 542.10 et seq., outlines a four-level grievance procedure to resolve prisoner complaints, and federal inmates must adhere to this procedure before filing lawsuits related to conditions of confinement. 42 U.S.C. § 1997e(a); 28 C.F.R. § 542.10.

The procedure provides, first, for informal resolution of inmate complaints. 28 C.F.R. § 542.13. If the complaint is not resolved informally, the prisoner may then submit a formal written request, on a designated form (Form BP-9), to the facility's warden. 28 C.F.R. § 542.14(a). The deadline for completion of informal review or filing of a formal complaint is twenty days from the event giving rise to the grievance. Id. This time period may be extended "[w]here the inmate demonstrates a valid reason for delay." 28 C.F.R. § 542.14(b). If an

inmate's formal request is denied, the inmate has twenty days in which to appeal the decision to the appropriate BOP Regional Director, again using a particular form designated by the BOP (Form BP-10). 28 C.F.R. § 542.15(a). Upon an adverse determination by the Regional Director, the inmate has thirty days in which to appeal to the BOP General Counsel (Form BP-11). Id. The appeal deadlines may also be extended "[w]hen the inmate demonstrates a valid reason for delay." 28 C.F.R. §542.15(a). Only after the inmate has pursued his grievance through each of the three levels has he exhausted the administrative remedies available to him or her.[5]

It is indisputable that this Plaintiff was aware of the Bureau of Prisons Administrative Remedy Program along with its timing requirements. The regulations themselves are unequivocal as to filing deadlines. See 28 C.F.R. §542.14(a) and 15(a). Moreover, the decisions of the Warden explicitly stated the relevant filing deadlines for an appeal. See Ward Declaration, Exhibits E and F.

The undisputed evidence establishes that this Plaintiff was fully aware of both the availability of administrative remedies and the procedural requirements of the BOP process.

    **C.**    **The Plaintiff Failed To Exhaust Administrative Remedies**

The Plaintiff made no appeal of the Warden's denial of the two administrative complaints and therefore did not exhaust the administrative remedies available to him. See Ward Declaration, ¶6.

Thus, the claims must be dismissed pursuant to the mandate of 42 U.S.C. §1997e. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35-36 (1st Cir. 2002) ("Section 1997e(a)

---

[5] The availability of administrative remedies to a prisoner is a question of law. Ray v. Kertes, 285 F.3d 287, 291 (3rd Cir. 2002); Snider v. Melindez, 199 F.3d 108, 113-14 (2nd Cir. 1999).

mandates that '[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted.' This language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement.") (quoting 42 U.S.C. § 1997e(a)) (emphasis added).

### D. The Dismissal Must Be With Prejudice As The Plaintiff Has Procedurally Defaulted The Claims

The time limit for the Plaintiff to have timely exhausted his claims has passed. Thus, the Plaintiff cannot, in the future, exhaust his claims. As such, the Defendants request that these claims be dismissed with prejudice.

The untimely pursuit or abandonment of an administrative grievance constitutes a procedural default, precluding a finding of exhaustion.

> [U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. . . . To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.

Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002).[6]  See also, Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies"); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629 (2nd Cir. 2001)

---

[6] Although the Pozo case involved failure to exhaust state administrative remedies in a §1983 claim, the principle is the same. See Porter v. Nussle, 534 U.S. 516, 524 (2002) ("[F]ederal prisoners suing under Bivens must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.") (internal citation omitted).

(same); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) ("If we were to accept appellant's position--that the filing of an untimely grievance exhausts an inmate's administrative remedies--inmates, such as appellant, could ignore the PLRA's exhaustion requirement and still gain access to federal court merely by filing an untimely grievance."); Nigro v. Sullivan, 40 F.3d 990, 993 (9th Cir. 1994) ("Nigro's BP-11 form arrived at the General Counsel's Office well after the thirty day time limit had expired.  The district court found that the form was filed late and that the late filing amounted to procedural default of Nigro's administrative remedy, warranting dismissal.  We agree . . .").[7]

      The administrative record clearly demonstrates that the Plaintiff has procedurally defaulted by failing to pursue his claims through the administrative process or by failing to make timely appeals of adverse decisions.  As such, the Plaintiff's claims are barred by his procedural default, that default cannot be cured, and dismissal should enter with prejudice.

---

[7] See also, O'Sullivan v. Boerckel, 526 U.S. 838, 848-849 (1999)( "As  Justice Stevens notes, a prisoner could evade the exhaustion requirement--and  thereby undercut the values that it serves--by "letting the time run" on state  remedies.  To avoid this result, and thus 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims  to the state courts.") (citations omitted) (emphasis added); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir.1999) ("an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations"); and Marsh v. Jones, 53 F.3d 707,  710 (5th Cir.1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by  intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies. Thus, we hold that a  district court has the power to dismiss a prisoner's section 1983 suit under section 1997e even when administrative relief is time-barred or otherwise  precluded.") (internal citation omitted).

**CONCLUSION**

For the foregoing reasons, the Defendants request that the court enter summary judgment in favor of the Defendants with prejudice. [8]

                                                Respectfully submitted,
                                                MICHAEL SULLIVAN
                                                United States Attorney

By:   /s/ Mark J. Grady
        Mark J. Grady, Assistant U.S. Attorney
        John J. Moakley Courthouse
        One Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3136

**Certificate of Service**

IT IS HEREBY CERTIFIED that on this 11th day of February 2005, service of the foregoing Memorandum has been made upon the following by depositing a copy in the United States mail, postage prepaid to Terry Boyd, USP Allenwood, PO Box 3000, Whitedeer, PA 17887.

                                                /s/ Mark J. Grady
                                                Mark J. Grady
                                                Assistant United States Attorney

---

[8] This court can no longer extend the time allowed for filing of additional administrative appeals to cure the procedural defect.

> At oral argument, appellant suggested that if this court found his case wanting on the administrative exhaustion front, the better course would be to remand the case with orders for a continuance of the proceedings (during which the appellant could pursue his administrative remedies) . . . . The conclusion that dismissal is the appropriate remedy is further bolstered by the significant change effected by the PLRA to the language of its predecessor statute. In particular, § 1997e(a) formerly allowed a district court to continue a pending § 1983 case for up to 180 days so that a prisoner could be required to exhaust certain administrative remedies. See 42 U.S.C. § 1997e(a)(1) (1994) (amended 1996). Enacted in 1996, the PLRA eliminated any reference to allowing for the continuance of an action.

Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35-36 (1st Cir. 2002).